UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KAMAL CHARIF, | ) | CASE NO. 4:09 CV 2439 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* petitioner Kamal Charif filed the above-captioned petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner, who was incarcerated at Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, filed this petition against the Bureau of Prisons (BOP) and N.E.O.C.C. Warden, Roddy Rushing. Mr. Charif seeks immediate release to home confinement pursuant to the Elderly Offender Home Detention Pilot Program established by the Second Chance Act of 2007.

*Background*

Mr. Charif was indicted in the United States District Court for the Eastern District of Virginia and charged with conspiracy to distribute more than one kilo of heroin. United States v. Charif, et al., No.1:90-cr-00445-2 (ED Va. Filed Dec. 5, 1990). A jury convicted him of the

charges and he was sentenced to 292 months in prison on June 7, 1991.

Mr. Charif now complains the BOP has unfairly denied his request for placement in home confinement until the expiration of his prison term in January 2012.  He believes the denial is  "[b]ecause the immigration authority initiated an investigation to determine if I was subject to removal from the United States."  (Pet. at 4.)  Mr.  Charif asserts that because Congress did not specify which federal inmates could benefit, he believes he is eligible for placement in the program. Moreover, he claims respondents are discriminating against him "because of my origin," in violation of the Fifth and Fourteenth Amendments.

*Second Chance Act of 2007*

The "Second Chance Act of 2007: Community Safety Through Recidivism Prevention" was enacted on April 9, 2008 to "reauthorize the grant program for reentry of offenders into the community in the Omnibus Crime Control and Safe Streets Act of 1968, to improve reentry planning and implementation, and for other purposes." PL 110-199, 2008 HR 1593.  One program within the Act, designed to meet its goal for older inmates, was the Elderly and Family Reunification for Certain Nonviolent Offenders Pilot Program.  42 U.S.C. § 17541(g).  This program directs the Attorney General to "conduct a pilot program to determine the effectiveness of removing eligible elderly offenders from a Bureau of Prisons facility and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 42 U.S.C. § 17541(g)(1)(A). The Program further provides that "[i]n carrying out a pilot program as described in subparagraph (A), the Attorney General may release some or all eligible elderly offenders from the Bureau of Prisons facility to home detention." Id. (emphasis added).  An "eligible offender" is described as follows:

2

>     (i) who is not less than 65 years of age;
>
>     (ii) who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of title 18, United States Code), sex offense (as defined in section 111(5) of the Sex Offender Registration and Notification Act), offense described in section 2332b(g)(5)(B) of title 18, United States Code, or offense under chapter 37 of title 18, United States Code, and has served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced;
>
>     (iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);
>
>     (iv) who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);
>
>     (v) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;
>
>     (vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and
>
>     (vii) who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

42 U.S.C. § 17541(g)(5)(A). Petitioner claims the respondent's decision to deny his participation in the program was motivated by Mr. Charif's "origin."

### *Failure to Exhaust*

Mr. Charif claims the respondents "denied my administrative remedy to be placed on home confinement." (Pet. at 4.) If Mr. Charif is contending he has pursued administrative remedies, he has not indicated the BOP's response. Even construing the facts in Mr. Charif's favor,

there is no indication Mr. Charif has exhausted his administrative remedies.

Courts require a federal prisoner to exhaust administratively his remedies before filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Urbina v. Thoms, 270 F.3d 292, 295 n. 1 (6th Cir.2001); Cruz v. Beto, 405 U.S. 319 (1972). The administrative remedy process for federal prisoners includes four steps: (1) a request for informal resolution with unit staff; (2) a formal grievance filed with the warden; (3) an appeal to the appropriate regional office; and (4) an appeal to the Central Office. See 28 C.F.R. § 542.10 et seq. Nothing in the record indicates that it would be futile for Mr. Charif to pursue his administrative remedies or that those remedies cannot afford him the relief he requests. See Goar v. Civiletti, 688 F.2d 27, 28-29 (6th Cir.1982). Accordingly, his claims will be denied without prejudice to petitioner re-asserting the claims once he has properly exhausted them.

## *Conclusion*

Based on the foregoing, Mr. Charif's petition is dismissed without prejudice for failing to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: April 1, 2010

    *s/John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

4